## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| ANTHONY HUTCHINSON, | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-3422 |
| | § | |
| BANK OF AMERICA, N.A., | § | |
| *Defendant*. | § | |

### MEMORANDUM OPINION & ORDER

Pending before the court is Bank of America, N.A.'s ("BOA") motion for summary judgment. Dkt. 15. Upon consideration of the motion, response, reply, and applicable law, the motion for summary judgment is GRANTED.

### I. BACKGROUND

On March 7, 2006, plaintiff Anthony Hutchinson executed two separate promissory notes and deeds of trust to purchase two adjoining properties located at 4239 Purdue St., Houston, Texas 77005 ("First Property") and 4241 Purdue St., Houston, Texas 77005 ("Second Property"). Dkt. 1, Ex. 7 at ¶ 5.1; Dkt. 15, Exs. A-1, A-2, A-3, A-4. Plaintiff was required to make monthly mortgage payments on each property until the loans were paid in full. *Id.* BOA took over the loan servicing obligations on these Notes after it merged with BAC Home Loans Servicing, the previous servicer of the loans. *Id.* at Exs. 1, A-5. Plaintiff defaulted on both loans by August 2008. *Id.* at Exs. A-7, A-8. Plaintiff attempted to work out loan modifications on both properties without success. Dkt. 1, Ex. 7 at ¶¶ 5.3, 5.8-5.9. BOA offered a loan modification agreement to plaintiff for the First Property, but plaintiff refused to enter into this agreement without a modification on the Second Property. *Id.*

On May 2, 2011, BOA sent plaintiff a notice by certified mail, informing plaintiff that his loan on the First Property was "in serous default" and giving him an opportunity to cure the default "on or before June 1, 2011." Dkt. 15, Ex. A-10.  The notice also warned plaintiff that if the default was not cured, "the mortgage payments will be accelerated . . . and foreclosure proceedings will be initiated." *Id.*  Plaintiff did not cure the default.  *Id.* at Ex. 1.  As a result, on October 13, 2011, BOA's substitute trustee sent plaintiff a notice of sale for the First Property by certified mail, accelerating the loan and informing plaintiff of the date, time, and location of the foreclosure sale. *Id.* at Exs. 1, A-11.  BOA purchased the First Property at the foreclosure sale on February 7, 2012. *Id.* at Ex. A-12.  The Second Property has not been foreclosed upon.  *Id.* at Ex. 1.

On December 6, 2011, plaintiff filed suit against BOA, seeking damages and injunctive relief in order to stop the foreclosure.  Dkt. 1, Ex. 1.  Plaintiff amended his petition on September 28, 2012, alleging causes of action for breach of contract, negligence, and statutory violations of the Texas Property Code, Texas Finance Code, Texas Administrative Code, and Deceptive Trade Practices Act.  *Id.* at Ex. 7.  Plaintiff's first amended petition remains the live pleading.  BOA timely removed this matter to federal court on November 21, 2012.  Dkt. 1.

## II. LEGAL STANDARD

Summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008).  The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505 (1986).  An issue is "material" if its resolution could affect the outcome of the action.  *Burrell v. Dr. Pepper/Seven Up*

*Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007).  "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986).  Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine issue of material fact. *Id.* at 322.  If the moving party fails to meet this burden, then it is not entitled to a summary judgment, and no defense to the motion is required. *Id.*  "For any matter on which the non-movant would bear the burden of proof at trial . . . , the movant may merely point to the absence of evidence and thereby shift to the non-movant the burden of demonstrating by competent summary judgment proof that there is an issue of material fact warranting trial." *Transamerica Ins. Co. v. Avenell*, 66 F.3d 715, 718–19 (5th Cir. 1995); *see also Celotex*, 477 U.S. at 323–25. To prevent summary judgment, "the non-moving party must come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986) (quoting former FED. R. CIV. P. 56(e)).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-movant and draw all justifiable inferences in favor of the non-movant. *Envtl. Conservation Org. v. City of Dall., Tex.*, 529 F.3d 519, 524 (5th Cir. 2008).  The court must review all of the evidence in the record, but make no credibility determinations or weigh any evidence; disregard all evidence favorable to the moving party that the jury is not required to believe; and give credence to the evidence favoring the non-moving party as well as to the evidence

supporting the moving party that is uncontradicted or unimpeached.  *Moore v. Willis Ind. Sch. Dist.*, 233 F.3d 871, 874 (5th Cir. 2000).

However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation."  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  "To withstand a motion for summary judgment, a plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts."  *Bellard v. Gautreaux*, 675 F.3d 454, 460 (5th Cir. 2012) (citing *Liberty Lobby, Inc.*, 477 U.S. at 248–49).  By the same token, the moving party will not meet its burden of proof based on conclusory "bald assertions of ultimate facts."  *Gossett v. Du-Ra-Kel Corp.*, 569 F.2d 869, 872 (5th Cir. 1978); *see also Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1221 (5th Cir. 1985).

### III.  ANALYSIS

#### A.      Texas Property Code § 51.002(d)

Plaintiff alleges that BOA violated the Texas Property Code because the legal description in the notice of foreclosure sale did not match the legal description stated in the posted foreclosure notice or Substitute Trustee's Deed.  Dkt. 16 at 5.  Additionally, in his first amended petition, plaintiff asserts that BOA failed to send notice of default or sent the notice of sale and notice of default simultaneously.  Dkt. 1, Ex. 7 at ¶¶ 5.11, 6.3.  BOA maintains it fully complied with the notice provisions of the Texas Property Code and properly foreclosed on the First Property.

Section 51.002(d) of the Texas Property Code requires the holder of the debt to serve the debtor by certified mail with written notice of the default. TEX. PROP. CODE § 51.002(d).  The debtor must be given at least 20 days to cure the default before notice of sale can be given.  *Id.*  The

summary judgment evidence demonstrates that plaintiff was properly and timely served with all of the required notices by certified mail as mandated by the Texas Property Code.  On May 2, 2011, BOA sent plaintiff a notice by certified mail, informing him that his loan on the First Property at "4239 Purdue St." was "in serous default."  Dkt. 15, Ex. A-10.  The letter notified plaintiff that he had 30 days to cure the default before foreclosure proceedings would be initiated.  *Id.*  The summary judgment evidence includes the certified mail postcard with the return receipt signed and attached. *Id.*

When plaintiff did not cure the default, the substitute trustee sent a certified letter to plaintiff on behalf of BOA on October 13, 2011, notifying plaintiff that the debt was accelerated and the foreclosure sale would be held on February 7, 2012.  *Id.* at Ex. 1, A-11.  Plaintiff maintains he did not receive this notice.  However, BOA does not have to prove personal receipt to satisfy its obligations under the Texas Property Code.  *See Martins v. BAC Home Loans Servicing,* 722 F.3d 249, 256 (5th Cir. 2013) ("There is no requirement that [plaintiff] receive the notice.").  The Texas Property Code provides that "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. The affidavit of a person knowledgeable of the facts to the effect that service was completed is *prima facie* evidence of service." TEX. PROP. CODE § 51.002(e). While BOA did not submit the certified mail return receipt issued with the notice of sale to the court, it did provide the affidavit of Lora Stanford, its Operations Team Manager, affirming the notice of sale was sent by certified mail.  Dkt. 15, Ex. 1. BOA presented *prima facie* evidence that it served plaintiff with the proper notices and allowed him over 20 days to cure the default before the notice of sale was sent to plaintiff.  Plaintiff's claim that he did not receive the notice of sale does not overcome BOA's *prima facie* proof of service.  *See Rodriguez v. U.S. Bank, N.A.*, 2013 WL 3146844, *9 (W.D. Tex.

5

2013) ("The overwhelming majority of federal and Texas state courts have held that a plaintiff's contention that he did not receive proper notice under Section 51.002 is insufficient to defeat a defendant's *prima facie* showing that notice was mailed in compliance with the statute.").

Plaintiff's contention that the legal descriptions or addresses in the notice of foreclosure sale and the posted foreclosure notice or Substitute Trustee's Deed were "transposed" is not supported by the record.   In the notice of sale sent to plaintiff, the Notice of Substitute Trustee's Sale referenced "4239 Purdue St."  Dkt. 15, Ex. A-11.  It also included the legal description "Lot One, Block One, Hutchison Ten Subdivision . . .."  *Id.*  This is the same legal description for the First Property that is included in the original Deed of Trust and the Substitute Trustee's Deed.  *Compare id.* at Exs. A-2, A-11, A-12.  Plaintiff was clearly put on notice that the First Property was the property which was the subject of the foreclosure sale, and it was, in fact, the property that was foreclosed upon.

Plaintiff relies on the Harris County Appraisal District records which incorrectly list the Second Property as the property foreclosed upon.  Dkt. 16, Ex. B.  The Harris County Appraisal District records are wholly irrelevant to this analysis and BOA's obligations under the Texas Property Code.  This is not a BOA record and was prepared by the Harris County Appraisal District after the foreclosure sale was complete.  All of the records prepared by BOA and sent to plaintiff regarding the foreclosure sale consistently referenced the First Property.  Therefore, BOA satisfied its obligations under the Texas Property Code, and plaintiff has not presented a genuine issue of material fact on his claim for violations of the Texas Property Code.

### B.    Texas Finance Code § 158.101 / Texas Administrative Code, Chapter 79

In his first amended petition, plaintiff asserts violations of the Texas Finance Code ("TFC") and the Texas Administrative Code ("TAC") based on BOA's failure to provide a disclosure

statement to plaintiff within 30 days after it commenced servicing his loans. Dkt. 1, Ex. 7 at ¶¶ 6.5-6.9. BOA counters that such cause of action does not exist for this alleged violation. Plaintiff did not respond to this argument in his response, thereby failing to create a genuine issue of material fact on this claim. For this reason alone, the plaintiff's TFC and TAC claims fail. It is likely that plaintiff abandoned this argument because the TFC and TAC do not create causes of action for the violation asserted by plaintiff. *See Thomas v. Ocwen Loan Servicing, LLC*, 2013 WL 3245953, *2 (S.D. Tex. 2013) (finding no private right of action exists for failure to provide disclosure statement under the Texas Finance Code § 158.101 and Texas Administrative Code § 79.02 because administrative enforcement mechanisms are provided in the statutes).

### C. Deceptive Trade Practices Act

Moreover, plaintiff asserts violations of the Deceptive Trade Practices Act ("DTPA"). TEX. BUS. & COM. CODE § 17.46. Plaintiff alleges BOA committed deceptive acts by "attempting to foreclose on Plaintiff's home without answering Plaintiff's inquiries about the servicing of his loan and posting the wrong property for foreclosure and attempting to evict him from his homestead." Dkt. 1, Ex. 7 at ¶ 6.11.

To prevail on a DTPA claim, the plaintiff must show that (1) he is a consumer; (2) the defendant engaged in false, misleading, or deceptive acts; and (3) these acts constituted a producing cause of his damages. TEX. BUS. & COM. CODE § 17.50(a); *Doe v. Boys Club of Greater Dall., Inc.*, 907 S.W.2d 472, 478 (Tex. 1995). BOA argues plaintiff cannot maintain a DTPA claim because he is not a "consumer" under the statute. In contrast, plaintiff asserts he does qualify as a consumer because his DTPA claim involves the servicing of the mortgage loan, not the loan itself.

A "consumer" is "an individual . . . who seeks or acquires by purchase or lease, any goods or services . . .." TEX. BUS. & COM. CODE § 17.45(4). Under the DTPA, money is not a good, and

7

a loan merely for "the use of money" is not a service. *Riverside Nat'l Bank v. Lewis*, 603 S.W.2d 169, 174-75 (Tex. 1980). However, borrowers may be consumers under the DTPA if their primary objective in seeking a loan is to purchase goods, real property, or services. *Flenniken v. Longview Bank & Trust Co.*, 661 S.W.2d 705, 707-08 (Tex. 1983). As a borrower, the Texas Supreme Court further requires that the goods or services sought or acquired by the plaintiff form the basis of the complaint in order to qualify as a consumer under the DTPA. *Sherman Simon Enter., Inc. v. Lorac Serv. Corp.*, 724 S.W.2d 13, 15 (Tex. 1987). "The plaintiff has consumer status only to the extent that his complaint deals with the property, not the loan itself." *Beijani v. Wilmington Trust Co.*, 2011 WL 3667569, *5 (S.D. Tex. 2011). Whether a plaintiff qualifies as a "consumer" under the DTPA is a question of law for the trial court to decide. *Bohls v. Oakes*, 75 S.W.3d 473, 479 (Tex. App.–San Antonio 2002, pet. denied).

Here, plaintiff's complaints stem from the loan and the foreclosure proceedings. The object of the loan was ultimately to purchase two townhouses; however, plaintiff's claims arose years later after he defaulted on the loan and disputed the foreclosure. *See  Miller v. BAC Home Loans Servicing*, 726 F.3d 717, 725 (5th Cir. 2013); *Thomas v. Ocwen Loan Servicings, LLC*, 2013 WL 3245953, *3 (S.D. Tex. 2013); *Gatling v. Citimortgage, Inc.*, 2012 WL 3756581, *13 (S.D. Tex. 2012) (dismissing DTPA claim because plaintiff complained of "acts occurring years after the financing transaction" involving defendants' subsequent loan servicing and foreclosure activities that were incidental to the original purchasing objective). Because the basis of plaintiff's claim is the loan and foreclosure, and not the property for which the loan was acquired, plaintiff has not created a fact question as to his status as a consumer.

Additionally, even if plaintiff were a consumer, BOA contends it did not violate the DTPA as a matter of law because it was within its rights to foreclose on the property. The Texas Supreme

Court has plainly held that a lawful foreclosure on a security interest does not violate the DTPA. *Ogden v. Dickinson State Bank*, 662 S.W.2d 330, 333 (Tex. 1983).  As discussed *supra*, BOA was entitled to and lawfully foreclosed on the First Property.  Because plaintiff does not qualify as a consumer and has not shown that a genuine issue of material fact exists as to whether the foreclosure was invalid, plaintiff's DTPA claim must fail.

### D.    Breach of Contract

In his first amended complaint, plaintiff contends that BOA breached the Note and Deed of Trust by not ceasing all debt collection efforts until plaintiff's disputes challenging the debt had been resolved, by not honoring its implied duty of good faith and fair dealing, and by not completing the loan modification agreement.  Dkt. 1, Ex. 7 at ¶ 6.17.  In his response to BOA's motion for summary judgment, plaintiff, for the first time, also asserts violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(a), and breach of contract based on the alleged inaccurate legal descriptions of the property in the notice of sale, posting of the sale, and/or Substitute Trustee's Deed.

The essential elements of a breach of contract claim in Texas are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.  *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 418 (5th Cir. 2009) (quoting *Aguiar v. Segal*, 167 S.W.3d 443, 450 (Tex. App.—Houston [14th Dist.] 2005, pet. denied)).

First, plaintiff's claim relating to BOA's debt collection fails under the third element because plaintiff has not directed the court to any specific provision of the Note or Deed of Trust that requires BOA to cease debt collection efforts if plaintiff has inquiries regarding the debt.  In the absence of

evidence creating a genuine issue of fact that BOA breached the contract, plaintiff cannot maintain his breach of contract claim on this ground.

Plaintiff's allegation that BOA breached its implied duty of good faith and fair dealing is equally unavailing.  Texas law does not recognize an implied duty of good faith and fair dealing in every contract. *English v. Fischer*, 660 S.W.2d 521, 522 (Tex. 1983).  Instead, "Texas courts have carved out exceptions for certain 'special relationships,' such as those between insurers and insureds, principal and agent, joint venturers, and partners." *Cole v Hall*, 864 S.W.2d 563, 568 (Tex. App.–Dallas 1993, writ dism'd w.o.j.).  The relationship of mortgagor and mortgagee or borrower and lender ordinarily does not involve a duty of good faith.  *Milton v. U.S. Bank. Nat'l Ass'n*, 508 Fed. Appx. 326, 329 (5th Cir. 2013); *White v. Mellon Mortg. Co.*, 995 S.W.2d 795, 800 (Tex. App.–Tyler 1999, no pet.) ("[T]he relationship between a mortgagor and a mortgagee does not give rise to a duty of good faith."); *Lovell v. W. Nat'l Life Ins.*, 754 S.W.2d 298, 303 (Tex. App.–Amarillo 1988, writ denied) ("[T]here exists no special relationship between the [borrowers and note-holder] and, therefore, no duty of good faith and fair dealing is implied.").  Here, plaintiff has not established a special relationship existed between him and BOA that would give rise to an implied duty of good faith and fair dealing.

Plaintiff also maintains that he met all of his contractual obligations to complete the loan modification through the Home Affordable Modification Program ("HAMP"), and BOA breached this agreement by not finalizing the modification.  Dkt. 1, Ex. 7 at ¶ 6.18.  Contrary to plaintiff's allegation that BOA failed to finalize the loan modification, the summary judgment evidence reveals that it was plaintiff who failed to sign and return the loan modification agreement relating to the First Property.  *Id.* at ¶ 5.7.  Because plaintiff did not execute and return the agreement, the loan

modification was never consummated, and a valid, enforceable contract was never created.  BOA cannot breach a contract that was never entered into between the parties.

In his response to BOA's motion for summary judgment, plaintiff, for the first time, also asserts new claims under RESPA and a new claim for breach of contract based on the alleged inaccurate references to the legal descriptions of the properties in the foreclosure documents.  These claims are not properly before the court because they were raised for the first time in plaintiff's response to BOA's motion for summary judgment. *See Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005); *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012).  Further, the court has already determined that BOA did not inaccurately describe the foreclosed property in the relevant foreclosure documents.

More importantly, though, plaintiff cannot sustain any of these claims for breach of contract because he was in breach of the contract himself.  *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990); *Richardson*, 873 F. Supp. 2d at 809.  The summary judgment record demonstrates, and plaintiff concedes, that he was in default on the loans.  Plaintiff admits that he breached both the Note and Deed of Trust by failing to make the required payments.  Dkt. 1, Ex. 7 at ¶ 5.3.  Although plaintiff attempted to modify the terms of the loan, the modification was not consummated and the loan remained delinquent.  Plaintiff's failure to perform his contractual obligations requires summary judgment on his breach of contract claims.

### E.   Negligence

Finally, plaintiff's claim for negligence cannot withstand the economic loss rule, which limits a plaintiff's claim to solely contractual remedies "[w]hen the injury is only the economic loss to the subject of a contract itself." *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex. 1986). Tort damages are generally not recoverable if the defendant's conduct "would give rise to liability

only because it breaches the parties' agreement." *Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494 (Tex. 1991). Plaintiff attempts to avoid the economic loss rule by claiming his injuries include statutory violations and loss of use and control of property. Dkt. 16 at 11. However, the first amended complaint reveals that plaintiff's negligence claim stems directly from BOA's alleged actions and obligations under the Note and Deed of Trust. *See* Dkt. 1, Ex. 7 at ¶ 6.19 ("Defendant failed to fulfill it [sic] duty to them as a mortgagor, to answer inquiries about the servicing of the mortgage, assignment or sale of the note, to properly manage the loan and escrow account, to comply with the notice provisions contained in the deed of trust.") Because the only relationship between plaintiff and BOA is contractual, any duty owed to plaintiff by BOA is also contractual and cannot form the basis of a tort claim. *Kaechler v. Bank of Am., N.A.*, 2013 WL 127555, *6 (S.D. Tex. 2013) (collecting cases). Therefore, plaintiff's claim for negligence fails.

## IV. Conclusion

For the reasons stated herein, Bank of America's motion for summary judgment (Dkt. 15) is GRANTED. All of plaintiff's claims against Bank of America, N.A. are DISMISSED WITH PREJUDICE. The court will enter a separate final judgment consistent with this opinion.

It is so ORDERED.

Signed at Houston, Texas on October 16, 2013.

_____
Gray H. Miller
United States District Judge

12